U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

FILED

JUN 29 2012

CLERK, U.S. DISTRICT COURT
By_____
                    Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

RUDY STANKO,                        §
(BOP No. 18259-013)                 §
                                    §
VS.                                 §    CIVIL NO.4:12-CV-267-A(BJ)
                                    §
UNITED STATES OF AMERICA            §

FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

In this case, defendant/appellant Rudy Stanko has filed a
motion for leave to proceed *in forma pauperis* on appeal. Resolution
of the motion was referred to the United States Magistrate Judge
pursuant to the provisions of 28 U.S.C. § 636(b). The findings,
conclusions and recommendation of the United States Magistrate
Judge are as follows:

FINDINGS AND CONCLUSIONS

A. NATURE OF THE CASE

This case is on appeal from the Court's dismissal of Rudy
Stanko's civil case.

B. PARTIES

Rudy Stanko is the plaintiff/appellant. The case was dismissed
before service upon defendant United States of America.

C. LEGAL ANALYSIS

On June 26, 2012, plaintiff/appellant Stanko filed an
application/motion for leave to proceed *in forma pauperis* (IFP) on
appeal. The Court has referred the motion to the undersigned. In
*Donaldson v. Ducote,* 373 F.3d 622, 624-25 (5th Cir. 2004), the

United States Court of Appeals for the Fifth Circuit *sua sponte* found that it did not have jurisdiction to review a magistrate judge's order denying an appellant's motion for leave to proceed in forma pauperis on appeal and certifying that the appeal was not taken in good faith. Appellant had not consented to the magistrate judge's ruling on his right to appeal *in forma pauperis*, and he had not been afforded the opportunity to object to the magistrate judge's recommendation. *Id*. at 624-25. Thus, the court of appeals remanded the case to the district judge "for the limited purpose of reviewing the magistrate judge's certification that [appellant's] appeal is not taken in good faith and entering an appropriate order." *Id* at 625. Guided by the logic of *Ducote*, the undersigned has considered Stanko's motion for leave to proceed *in forma pauperis* on appeal through this report and recommendation procedure, with time provided for appellant to submit objections.

The motion for leave to proceed *in forma pauperis* on appeal pursuant to 28 U.S.C. § 1915 should be denied because applicant Rudy Stanko is barred from proceeding in forma pauperis on appeal because of the "three strikes" rule of 28 U.S.C. § 1915(g). Court records reveal that as a result of previously filing frivolous suits, Stanko is barred from proceeding under 28 U.S.C. § 1915 in any civil action or appeal filed while he is incarcerated or detained unless he is under imminent danger of serious physical

injury.[1]  Rudy Stanko obtained the qualifying dismissals in the
United States District Courts for the Southern District of Indiana,
the District of Nebraska, and the Eastern District of Kentucky.[2] In
this case, Rudy Stanko has not set forth grounds for leave to file
in compliance with 28 U.S.C. § 1915(g), that is, he has not shown
that he is "under imminent danger of serious physical injury" to
satisfy the exception to 28 U.S.C. § 1915(g).

<u>RECOMMENDATION</u>

It is therefore RECOMMENDED that plaintiff/appellant Rudy
Stanko's June 26, 2012 motion/application to proceed in forma
pauperis on appeal (docket no. 14) be DENIED.

<u>NOTICE OF RIGHT TO OBJECT TO PROPOSED
FINDINGS, CONCLUSIONS AND RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT</u>

A copy of this report and recommendation shall be served on
all parties in the manner provided by law. Any party who objects to
any part of this report and recommendation must file specific

---

[1]As a result of the Prison Litigation Reform Act (PLRA) amendments to 28
U.S.C. 1915, section 1915(g) provides that a prisoner may not proceed in forma
pauperis in a civil action if, on three or more occasions, the prisoner had a
case dismissed as frivolous, malicious, or for failure to state a claim, unless
the prisoner is under imminent danger of serious physical injury. 28 U.S.C.A. §
1915(g)(West 2006).

[2]See Stanko v. Federal Bureau of Prisons, et al., No.2:10-CV-253-JMS-WGH
(S.D. Ind. July 28, 2011); Stanko v. United States, No.8:10-CV-151 (D. Neb.
November 18, 2010), aff'd, No. 11-1191 (8th Cir. April 8, 2011); Stanko v.
Federal Bureau of Prisons, No.09-CV-035-HRW (E.D. Ky. April 21, 2009); Stanko v.
Bataillon, et al.,  No.8:06-CV-607 (D. Neb. Feb. 8, 2007), aff'd, No. 07-1477
(8th Cir. October 23, 2007); see also Stanko v. United States of America,
No.8:11-CV-245 (D. Neb. August 26, 2011)(Order listing prior 1915(g) qualifying
dismissals and dismissing case for Stanko's failure to pay the fee).

written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until July *13*, 2012. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding and legal conclusion if it has been accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc).

<u>ORDER</u>

Under 28 U.S.C. § 636, it is ORDERED that Plaintiff is granted until July *13*, 2012 to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge, be and is hereby, returned to the docket of the United States District Judge.

SIGNED June **29** , 2012.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE